[J-19A-2019 and J-19B-2019] [MO: Mundy, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| JOAN P. GROVE, | : | No. 31 WAP 2018 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court entered January |
| | : | 12, 2018 at No. 132 CD 2017, |
| v. | : | reversing the Order of the Allegheny |
| | : | County Court of Common Pleas |
| | : | entered January 31, 2017 at No. GD |
| PORT AUTHORITY OF ALLEGHENY | : | 14-016095. |
| COUNTY, | : | |
| | : | ARGUED: April 9, 2019 |
| Appellee | : | |
| | | |
| JOAN P. GROVE, | : | No. 32 WAP 2018 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court entered January |
| | : | 12, 2018 at No. 195 CD 2017, |
| v. | : | reversing the Order of the Allegheny |
| | : | County Court of Common Pleas |
| | : | entered January 31, 2017 at No. GD |
| PORT AUTHORITY OF ALLEGHENY | : | 14-016095. |
| COUNTY, | : | |
| | : | |
| Appellee | : | ARGUED: April 9, 2019 |

## CONCURRING OPINION

**JUSTICE BAER**                       **DECIDED: OCTOBER 31, 2019**

I join the majority opinion in its entirety. I write separately to emphasize what I view to be a substantial injustice, and perhaps a constitutional violation, arising from the application of the current statutory damages cap placed on awards in civil cases commenced against a Commonwealth agency. Joan Grove's net damages in this case, after reduction to account for the jury's finding of her own negligence, was $1,365,500.00, which was intended to compensate her for the loss of her leg that resulted from being

struck by a bus owned and operated by the Port Authority of Allegheny County ("Port Authority").  As required by statute, the trial court reduced the verdict to $250,000.00 because the Port Authority is a Commonwealth agency.  *See* 42 Pa.C.S. § 8528(b) (providing that "[d]amages arising [against the Commonwealth] from the same cause of action or transaction or occurrence or series of causes of action or transactions or occurrences shall not exceed $250,000 in favor of any plaintiff or $1,000,000 in the aggregate").[1]

As explained *infra*, it has been my longstanding view that statutory caps of this nature, enacted approximately forty years ago, should be revisited and revised by the General Assembly to insure that residents of the Commonwealth receive fair compensation for injuries arising from the tortious conduct of a governmental entity.  As each year passes, stagnant statutory caps fail to compensate victims of negligence adequately and grow ever more restricting of a plaintiff's ability to exercise his or her right to a jury trial as guaranteed by Article I, Section 6 of the Pennsylvania Constitution and the Seventh Amendment to the United States Constitution.[2]  While there is no challenge to the statutory cap in the instant appeal, this case provides an excellent example of why

---

[1] A similar damages cap is included in Subsection 8553(b) of the Tort Claims Act with regard to tort claims against local agencies, providing that damages "shall not exceed $500,000 in the aggregate."  42 Pa.C.S. § 8553(b).

[2] Article I, Section 6 of the Pennsylvania Constitution, entitled "Trial by jury," provides, in relevant part, that "[t]rial by jury shall be as heretofore, and the right thereof remain inviolate." PA. CONST., art. I, § 6.

The Seventh Amendment to the United States Constitution, entitled "Trial by jury in civil cases," provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

U.S. CONST., amend. 7.

the Legislature should take action to elevate Pennsylvania's statutory caps to correspond with contemporary standards of living.

This is not the first time that I have expressed this sentiment. Nearly five years ago, we rendered a decision in *Zauflik v. Pennsbury School District*, 104 A.3d 1096 (Pa. 2014). There, the plaintiff suffered severe injuries, including the amputation of her leg, when a school bus accelerated out of control and struck twenty students. The plaintiff sued the Pennsbury School District, who owned and operated the bus and received a jury verdict of more than $14 million, which was molded to the $500,000.00 cap for local agencies set forth at 42 Pa.C.S. § 8553(b). *See infra* at 2 n.1. On appeal to this Court, the plaintiff presented various constitutional challenges to the statutory cap, including a contention that the cap violated her right to a jury trial as guaranteed by Article I, Section 6 of the Pennsylvania Constitution. This Court upheld the statutory cap, finding that the plaintiff did not demonstrate that the cap clearly, palpably, and plainly violated the constitution.

In my concurring opinion in *Zauflik*, I envisioned a scenario whereby a personal injury victim, based upon a developed record, could establish that the statutory cap on damages ($500,000.00 in *Zauflik* as the case was against a local agency; $250,000.00 here as the case is against a Commonwealth agency) violates the plaintiff's constitutional right to a jury trial by creating an onerous procedural barrier to that right.[3] The concurrence relied upon this Court's decision in *Application of Smith*, 112 A.2d 625 (Pa. 1955), which held that the right to a jury trial was not violated by a statute that required the payment of a fee to appeal an arbitrator's decision to the trial court where a jury trial could be conducted. Significantly, however, the *Smith* Court held that where a claim sought such a small amount of damages that the necessity of paying the arbitrators' fee would operate as an onerous restriction upon the exercise of the jury trial right, the local

---

[3] This concurring opinion was joined by Justice Todd and Justice Stevens.

court rules should be amended to lower the arbitrators' fees to prevent the practical denial of that jury trial right. The *Zauflik* concurrence interpreted *Smith* as suggesting that "a statutory requirement that renders cost-prohibitive the exercise of the jury trial right violates Article I, Section 6." *Zauflik*, 104 A.3d at 1134 (Baer, J., concurring).

Considering the practicalities of litigating a catastrophic injury case against a political subdivision, the concurrence opined that "a victim of a political subdivision's negligence in a complicated case may be able to establish that the costs and fees of litigating the claim precluded counsel from accepting the case, thereby denying the victim the right to present the case to a jury." *Id.* at 1134-35. The concurrence further opined that plaintiffs' counsel could not responsibly agree to represent a client where there would be no recovery to the client, or a *de minimus* one, due to the litigation expenses and fees necessary to secure a verdict. *Id.* at 1135.

Emphasizing that the value of money in 2014, when *Zauflik* was decided, does not spend as it did in 1978, when the statutory cap at issue was enacted, and considering the extraordinary expenses incurred to litigate a complex case, this author called upon the General Assembly to render moot any future litigation challenging the constitutionality of the cap based on a proper record by enacting legislation to increase the statutory cap on damages. The concurrence opined that the Legislature's failure to adjust the statutory caps may have been inadvertent, and expressed the hope that the General Assembly would become cognizant of the oversight through the concurrence's expression.

Nearly five years have passed, and the General Assembly has not amended the relevant statutes to increase the cap on damages recovered against local governments or the Commonwealth to account for all realities, including simple inflation, that have occurred over the many decades since the statutory caps were enacted. I respect that it is the role of the Legislature, which has the greater capacity to evaluate complex questions of public policy, to establish limits on the liability of local governments and the

Commonwealth in negligence cases. *See Zauflik*, 104 A.3d at 1123 (providing that "to the extent genuine questions might be raised regarding the amount of the cap, we note that such questions require detailed study and analysis of all relevant policy factors in a complicated balancing act that is properly addressed to the General Assembly") (emphasis removed). However, it is the role of this Court to protect our citizens' constitutional rights.

Accordingly, I again respectfully suggest that the Legislature consider the facts of this case, as well as those that have preceded it where its constituents have suffered devastating loss through the negligence of a local government or the Commonwealth and were denied fair compensation because of application of the statutory caps. I urge the General Assembly to take swift action to remedy the situation by increasing the statutory limits.[4] In the event that the Legislature does not so act, this Court may be faced with a developed challenge to the statutory caps as violative of the constitutionally guaranteed right to a jury trial. If a plaintiff properly constructs a record to establish that the statutory caps place an onerous burden on his or her right to a jury trial, this Court may be compelled to strike the cap, which could leave the Commonwealth or the local governments exposed to full liability if, and until, new legislation is passed.

Justices Donohue, Dougherty and Mundy join this opinion.

---

[4] I note for illustrative purposes that when the Amtrak train derailment occurred in Philadelphia in 2015, killing eight individuals and injuring over two hundred passengers and crew, Congress acted swiftly to amend the statutory cap applicable to rail passenger transportation liability set forth in 49 U.S.C. § 28103, by adjusting the cap based upon the Consumer Price Index. *See* Act of Dec. 4, 2015, P.L. 114-94, Div A, Title XI, § 11415(b), 129 Stat. 1689-90 (effective 10/1/2015).